# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**REGINA GWYNN BAINES,**
    **Plaintiff,**

  v.                                                        Case No. 15-CV-0258

**WALGREENS,**
    **Defendant.**

---

## DECISION AND ORDER

Plaintiff Regina Baines has filed an action against defendant Walgreens. Plaintiff asserts that defendant retaliated against her by failing to rehire her because she previously filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Ordinarily, a plaintiff must pay a filing fee of $400 to bring an action in federal court, which includes the $350 statutory filing fee and a $50 administrative fee. 28 U.S.C. § 1914(a). However, plaintiff has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to the federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, the heightened requirements of the Prison Litigation Reform Act do not apply. See West v. Macht, 986 F. Supp. 1141, (W.D. Wis. 1997). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the

nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavits of indigence. Upon review of those affidavits, I am satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff supports herself and two children, her monthly expenses are almost as much as her income, and she states that she was homeless until recently. Additionally, plaintiff has stated the nature of her claim and asserted her belief that she is entitled to redress. Thus, I will grant her leave to proceed in forma pauperis.

Plaintiff also moves for appointment of counsel. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). When confronted with a request for counsel, a district court must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so, and (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). With regard to the second inquiry, the court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only on the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

Here, plaintiff's efforts to obtain legal counsel on her own have been unsuccessful. Nonetheless, the issues in this case appear at this stage to be straightforward and uncomplicated; plaintiff's case appears to involve a fairly straightforward claim of employment discrimination. Further, plaintiff's filings indicate that she is capable of litigating this case on her own. Accordingly, I will deny plaintiff's request for appointment of counsel without prejudice. If this case proceeds to trial, plaintiff may refile this motion.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to appoint counsel (ECF NO. 3) is **DENIED WITHOUT PREJUDICE**.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS ADDITIONALLY ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(3), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshal's Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. §§ 0.114(a)(2). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiff, however, should provide defendant or its counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated at Milwaukee, Wisconsin this 16th day of March, 2015.

                s/ Lynn Adelman
                _____
                LYNN ADELMAN
                District Judge