IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

REGINA GWYNN BAINES,

    Plaintiff,

v.

WALGREEN CO.,

    Defendant.

Hon. Nancy Joseph
Case No. 15-CV-0258

## DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, WITH INTERROGATORIES AND A REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Walgreen Co. ("Walgreens" or "Defendant") by and through its counsel, hereby provides its supplemental responses to Plaintiff's First Set of Requests for Admissions, with Interrogatories and a Request for Production of Documents:

### REQUESTS FOR ADMISSION

**Request for Admission No. 1:** In June through November 12, 2014 Hannah Ruehs interviewed applicants for a Pharmacy Technician position at Walgreen Co. Store #4253, located at 2656 N. Wauwatosa Ave., Wauwatosa, Wisconsin, also known as the 76th and Center Walgreens ("76th and Center Walgreens").

RESPONSE: Admitted.

**Request for Admission No. 2:** None of the applicants whom Hannah Ruehs interviewed in June through November 12, 2014 for a Pharmacy Technician position at the 76th and Center Walgreens, other than Regina Baines, had any experience working as a Pharmacy Technician for Walgreen Co.

RESPONSE: Admitted. Walgreens further states that none of the applicable employment applications provided any information regarding any prior experience working as a Pharmacy Technician for Walgreen Co.

**Request for Admission No. 3:** At the time of Hannah Ruehs's interview of each Pharmacy Technician applicant in June through November 12, 2014, Hannah Ruehs was not aware of the applicant's having any experience working as a Pharmacy Technician for Walgreen Co., except for applicant Regina Baines.

RESPONSE: Admitted. Walgreens further states that none of the applicable employment applications provided any information regarding any prior experience working as a Pharmacy Technician for Walgreen Co.

**Request for Admission No. 4:** Regina Baines was the only applicant for a Pharmacy Technician position at the 76th and Center Walgreens whom Hannah Ruehs interviewed in June through November 12, 2014 who had experience working as a Pharmacy Technician for Walgreen Co.

RESPONSE: Admitted. Walgreens further states that none of the applicable employment applications provided any information regarding any prior experience working as a Pharmacy Technician for Walgreen Co.

**Request for Admission No. 5:** Regina Baines was the only applicant for a Pharmacy Technician position at the 76th and Center Walgreens whom Hannah Ruehs interviewed in June through November 12, 2014 who listed experience working at a Walgreen Co. pharmacy on his or her Walgreens Application for Employment.

RESPONSE: Admitted. Walgreens further states that none of the applicable employment applications provided any information regarding any prior experience working as a Pharmacy Technician for Walgreen Co.

**Request for Admission No. 6:** In June 2014 through February 18, 2015 Hannah Ruehs interviewed applicants for a Pharmacy Technician position at the 76th and Center Walgreens.

2

RESPONSE: Admitted. Walgreens further states that none of the applicable employment applications provided any information regarding any prior experience working as a Pharmacy Technician for Walgreen Co.

> **Request for Admission No. 7:** None of the applicants whom Hannah Ruehs interviewed in June 2014 through February 18, 2015 for a Pharmacy Technician position at the 76th and Center Walgreens, other than Regina Baines, had any experience working as a Pharmacy Technician for Walgreen Co.

RESPONSE: Admitted. Walgreens further states that none of the applicable employment applications provided any information regarding any prior experience working as a Pharmacy Technician for Walgreen Co.

> **Request for Admission No. 8:** At the time of Hannah Ruehs's interview of each Pharmacy Technician applicant in June 2014 through February 18, 2015, Hannah Ruehs was not aware of the applicant's having any experience working as a Pharmacy Technician for Walgreen Co., except for applicant Regina Baines.

RESPONSE: Admitted. Walgreens further states that none of the applicable employment applications provided any information regarding any prior experience working as a Pharmacy Technician for Walgreen Co.

> **Request for Admission No. 9:** Regina Baines was the only applicant for a Pharmacy Technician position at the 76th and Center Walgreens whom Hannah Ruehs interviewed in June 2014 through February 18, 2015 who had experience working as a Pharmacy Technician for Walgreen Co.

RESPONSE: Admitted. Walgreens further states that none of the applicable employment applications provided any information regarding any prior experience working as a Pharmacy Technician for Walgreen Co.

> **Request for Admission No. 10:** Regina Baines was the only applicant for a Pharmacy Technician position at the 76th and Center Walgreens whom Hannah Ruehs interviewed in June 2014 through February 18, 2015 who listed experience

working at a Walgreen Co. pharmacy on his or her Walgreens Application for Employment.

RESPONSE: Admitted.

**Request for Admission No. 11:** The attached document marked as numbers 005737 and 005738 is a true and correct copy of the weekly schedule for the 76th and Center Walgreens for the week of July 24, 2014 through July 30, 2014.

RESPONSE: Admitted.

**Request for Admission No. 12:** In Walgreen Co. document 005738, the "STOREMANAGER" was Deborah Schuyler.

RESPONSE: Admitted.

**Request for Admission No. 13:** Store Manager Deborah Schuyler was scheduled to work at the 76th and Center Walgreens on July 24, 2014 from 6:30 a.m. until 5:00 p.m.

RESPONSE: Admitted.

**Request for Admission No. 14:** Store Manager Deborah Schuyler worked at the 76th and Center Walgreens on July 24, 2014 from approximately 6:30 a.m. until approximately 5:00 p.m.

RESPONSE: Admitted. Walgreen further states that Deborah Schuyler may have worked more hours that day in addition to 6:30 a.m. to 5:00 p.m.

**Request for Admission No. 15:** Attached hereto as Exhibit A is a true and correct copy of a 2-page document entitled Defendant's First Supplemental Responses to Plaintiff's Fourth Set of Requests for Production of Documents.

RESPONSE: Admitted.

**Request for Admission No. 16:** Regina Baines worked as a Pharmacy Technician for Walgreen Co. at Store #3616, located 8488 W. Brown Deer Rd., Milwaukee, Wisconsin, from about February 2005 to about October 2008.

RESPONSE: Admitted.

**Request for Admission No. 17:** Regina Baines' starting hourly wage at Store #3616 was $8.50.

RESPONSE: Admitted.

**Request for Admission No. 18:** In August 2005 Walgreen Co. increased Regina Baines' hourly wage from $8.50 to $8.75.

RESPONSE: Admitted.

**Request for Admission No. 19:** In about mid- to late January 2006 Walgreen Co. increased Regina Baines' hourly wage from $8.75 to $9.25.

RESPONSE: Admitted.

**Request for Admission No. 20:** In about late January or early February 2006 Walgreen Co. increased Regina Baines' hourly wage from $9.25 to $9.75.

RESPONSE: Admitted.

**Request for Admission No. 21:** In about late December 2006 or early January 2007 Walgreen Co. promoted Regina Baines to Certified Pharmacy Technician and increased her hourly wage from $9.75 to $10.50.

RESPONSE: Admitted.

**Request for Admission No. 22:** In March 2007 Walgreen Co. increased Regina Baines' hourly wage from $10.50 to $11.50.

RESPONSE: Admitted.

**Request for Admission No. 23:** In October 2007 Walgreen Co. increased Regina Baines' hourly wage from $11.50 to $11.75.

RESPONSE: Admitted.

**Request for Admission No. 24:** In January or February 2008 Walgreen Co. increased Regina Baines' hourly wage from $11.75 to $12.10.

RESPONSE: Admitted.

**Request for Admission No. 25:** When Regina Baines' employment at Walgreen Co. Store #3616 ended in October 2008, her hourly wage was $12.10.

RESPONSE: Admitted.

**Request for Admission No. 26:** The attached document marked as number 005266 is a true and correct copy of the Charge of Discrimination against Walgreens that Regina Baines filed with the United States Equal Employment Opportunity Commission ("EEOC") in EEOC Charge No. 443-2014-01394 on or about September 3, 2014.

RESPONSE: Admitted.

**Request for Admission No. 27:** The attached document marked as number 005261 is a true and correct copy of the Dismissal and Notice of Rights, including a Notice of Suit Rights and a date of January 9, 2015 as the date mailed, that the EEOC issued to Regina G. Baines in EEOC Charge No. 443-2014-01394.

RESPONSE: Admitted.

**Request for Admission No. 28:** Regina Baines filed a Complaint against Walgreens in the United States District Court for the Eastern District of Wisconsin in Case No. Case No. 15-C-0258 on March 6, 2015.

RESPONSE: Admitted.

**Request for Admission No. 29:** Regina Baines filed her March 6, 2015 Complaint against Walgreens in Case No. 15-C-0258 in the United States District Court for the Eastern District of Wisconsin within 90 days of the January 9, 2015 date on the Dismissal and Notice of Rights the EEOC issued to her in EEOC Charge No. 443-2014-01394.

RESPONSE: Admitted.

**Request for Admission No. 30:** The attached document marked as number 005007 is a true and correct copy of the Charge of Discrimination against Walgreens that Regina Baines filed in EEOC Charge No. 443-2007-02615 on or about July 27, 2007.

RESPONSE: Admitted.

**Request for Admission No. 31:** The attached document marked as number 005008 is a true and correct copy of the Charge of Discrimination against Walgreens that Regina Baines filed in EEOC Charge No. 443-2008-00116C on or about October 23, 2007.

RESPONSE: Admitted.

**Request for Admission No. 32:** The attached document marked as number 005009 is a true and correct copy of the Charge of Discrimination against Walgreens that Regina Baines filed in EEOC Charge No. 410-2009-01906 on or about January 23, 2009.

RESPONSE: Admitted.

**Request for Admission No. 33:** The attached document marked as numbers 005296 and 005297 is a true and correct copy of the October 31, 2014 letter that Rachel B. Ablin of Employee Relations of Walgreen Co. sent to EEOC investigator Drake Van Thiel in EEOC Charge No. 443-2014-01394.

RESPONSE: Admitted.

**Request for Admission No. 34:** The attached document marked as number 005743 is a true and correct copy of Lisa Martin's timecard for the period 2/16/2015 to 2/18/2015.

RESPONSE: Admitted.

**Request for Admission No. 35:** The attached document marked as numbers 005741 and 005742 is a true and correct copy of Lisa Martin's Time Detail for the period 2/16/2015 to 2/18/2015.

RESPONSE: Admitted.

**Request for Admission No. 36:** On February 18, 2015 Lisa Martin punched in at the 76th and Center Walgreens at 10:03 a.m. and punched out at 5:32 p.m.

RESPONSE: Admitted.

**Request for Admission No. 37:** The attached document marked as number 005746 is a true and correct copy of Hannah Rutell's timecard for the period 2/01/2015 to 2/28/2015.

RESPONSE: Admitted.

**Request for Admission No. 38:** The attached document marked as numbers 005744 and 005745 is a true and correct copy of Hannah Rutell's Time Detail for the period 2/16/2015 to 2/18/2015.

RESPONSE: Admitted.

**Request for Admission No. 39:** On February 18, 2015 Hannah Rutell, also known as Hannah Ruehs, punched in at the 76th and Center Walgreens at 8:00 a.m. and punched out at 6:00 p.m.

RESPONSE: Admitted.

**Request for Admission No. 40:** The attached document marked as number 288 is a true and correct copy of an April 20, 2015 letter from T. J. Jarosch, an HR Representative of Walgreen Co., stating among other things that Regina Baines is eligible for rehire.

RESPONSE: Admitted.

## INTERROGATORIES

**Interrogatory No. 1:** If you deny any of the requests for admission or any part of any request for admission, identify each such request, and state the facts that form the basis of your denial.

RESPONSE: Walgreens objects to this Interrogatory (at least Plaintiff's 38th interrogatory) as it is in violation of the maximum 25 interrogatories pursuant to Fed. R. Civ. P. 33. Subject to, and without waiving this objection, N/A.

**Interrogatory No. 2:** If you claim lack of information or knowledge as a reason for failing to admit or deny any request for admission or any part of any request for admission, identify each such request and explain what inquiry you have made regarding the request and what information you know or have obtained regarding the request.

8

RESPONSE: Walgreens objects to this Interrogatory (at least Plaintiff's 39th interrogatory) as it is in violation of the maximum 25 interrogatories pursuant to Fed. R. Civ. P. 33. Subject to, and without waiving this objection, N/A.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Request No. 1:** If you deny any of the requests for admission or any part of any request for admission, identify each such request, and produce all documents that support your denial.

RESPONSE: N/A.

Dated this 10th day of May, 2016.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Kevin J. Kinney*

Kevin J. Kinney, Esq.
Dean F. Kelley, Esq.
1243 North 10th Street, Suite 210
Milwaukee, WI 53205
Telephone: 414-239-6409
Facsimile: 414-755-8289
Email: kevin.kinney@ogletreedeakins.com
Email: dean.kelley@ogletreedeakins.com

ATTORNEYS FOR DEFENDANT
WALGREEN CO.

CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2016, a copy the foregoing Defendant's Supplemental Responses to Plaintiff's First Set of Requests for Admissions, with Interrogatories and a Request for Production of Documents, was served by E-mail to:

> Plaintiff Regina Gwynn Baines
> c/o Amy F. Scarr, Esq.
> Amy F. Scarr, S.C.
> 23 N. Pinckney St., Suite 310
> Madison, WI 53703
> attorneyamyscarr@gmail.com

_____
Dean F. Kelley

24775318.1