IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**REGINA GWYNN BAINES,**

    Plaintiff,

v.                                                                                   Case No. 15-CV-0258

**WALGREEN CO.,**

    Defendant.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**This Court Should Deny Defendant Walgreen Co.'s Summary Judgment Motion Because There Are Genuine Issues Of Material Fact And A Reasonable Jury Could Find That Defendant Unlawfully Retaliated Against Plaintiff Regina Gwynn Baines For Filing EEOC Charges Of Discrimination Against It.**

Genuine issues of material fact regarding the following questions preclude summary judgment:

●Who made the decision to not hire Regina Baines?

●Did the decision-maker act with retaliatory intent?

Defendant's Motion for Summary Judgment also fails because Defendant's false statements to the United States Equal Employment Opportunity Commission ("EEOC"), contradictory statements regarding who made the decision, deviation from its standard interview practices, and hostility shown toward Baines after her first EEOC Charge of Discrimination permit a reasonable jury to find that Defendant's proffered reason for its decision is a pretext for unlawful retaliation.

**I.	The court may not grant summary judgment unless the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).**

On summary judgment the court is required to view all facts, construe the evidence, and draw all reasonable inferences in the light most favorable to the nonmoving party.  Crawford v. Metro Gov't of Nashville & Davidson County, 555 U.S. 271, 284 n.1 (2009) (citation omitted); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The court must give the nonmovant the benefits of all conflicts in the evidence.  Malin v. Hospira, Inc., 762 F.3d 552, 554 (7th Cir. 2014).  "The evidence of the nonmovant is to be believed. . . ."  Anderson v. Liberty Lobby, Inc., 477 U.S. at 255 (citation omitted).

The moving party has the burden of showing that there are no facts to support the nonmoving party's claim.  Lewis v. Bay Indus., 51 F. Supp. 3d 846, 852 (E.D. Wis. 2014), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The court should not weigh the evidence or determine the truth of the matter; the court is to determine whether there is a genuine issue for trial.  Lewis v. City of Chicago, 496 F.3d 645, 651 (7th Cir. 2007).

The summary judgment standard is "applied with added rigor in employment discrimination cases where intent and credibility are crucial issues."  Perdomo v. Browner, 67 F.3d 140, 144 (7th Cir. 1995).  Credibility determinations may not be resolved on summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Deets v. Massman Constr. Co., 811 F.3d 978, 982 (7th Cir. 2016).  Because a jury "may infer intentional discrimination from an employer's untruthfulness, evidence that calls truthfulness into question precludes a summary judgment."  Patmythes v. City of Janesville, 181 Fed. Appx. 596, 598 (7th Cir. 2006) (citations omitted).

There is no genuine issue of material fact, and therefore no reason to go to trial, when no reasonable jury could find in the non-moving party's favor. Lewis v. Bay Indus., 51 F. Supp. 3d at 852, citing Smith v. Lafayette Bank & Trust Co., 674 F.3d 655, 657 (7th Cir. 2012).

**A. There is a genuine dispute of material fact regarding whether there is a causal connection between Baines's protected activity and Defendant's adverse employment action.**

Under the "direct method" of proof there are 3 elements to a retaliation claim: (1) protected activity, (2) an adverse employment action, and (3) a causal connection between the two. Hobgood v. Ill. Gaming Bd., 731 F.3d 635, 642 (7th Cir. 2013).

Filing an EEOC Charge of Discrimination ("Charge") is protected activity under the participation clause of Title VII. 42 U.S.C. § 2000e-3(a); Smart v. Ball State Univ., 89 F.3d 437, 440-41 (7th Cir. 1996). It is undisputed that Baines filed EEOC Charges against Defendant in 2007 and 2009.[1]

Failure to hire is an adverse employment action. Whitfield v. Int'l Truck & Engine Corp., 755 F.3d 438, 442 (7th Cir. 2014). It is undisputed that Defendant failed to hire Baines on July 25, 2014.[2]

To establish the causal connection Baines must show that Defendant would not have taken the adverse employment action but for her protected activity. The but-for link may be established with circumstantial evidence from which a jury may infer intentional retaliation. Greengrass v. Int'l Monetary Sys., Ltd., 776 F.3d 481, 486 (7th Cir. 2015).

**B. While Defendant argued that Pharmacy Manager Hannah Ruehs made the decision to not hire Baines, Ruehs told subordinate Lisa Martin that District Manager Michelle Birch made the decision.**

---

[1] Plaintiff's Response to Defendant's Proposed Findings of Fact in Support of Its Motion for Summary Judgment ("Pl. Resp. to DPFOF") at ¶¶ 3, 4, and 5.
[2] Pl. Resp. to DPFOF ¶ 33.

Statements offered against an opposing party that were made by the party's agents or employees on a matter within the scope of their employment while they were employees are not hearsay and are admissible as an opposing party's statements. FRE 801(d)(2)(D).

On July 24, 2014 Pharmacy Manager Hannah Ruehs ("Ruehs") and Store Manager Deborah Schuyler ("Schuyler") interviewed Baines for a Pharmacy Technician position at Walgreens Store #4253 at 2656 N. Wauwatosa Ave., Wauwatosa, Wisconsin ("76th and Center Walgreens").[3] The next day, July 25, Ruehs left Baines a voicemail message thanking Regina for coming in on such short notice, telling her how much they enjoyed hearing about her experience at Walgreens, and saying that they had selected someone else for the position.[4]

Baines had worked for Defendant from 2005 to 2008 at Walgreens Store #3616 at 8488 W. Brown Deer Rd. in Milwaukee, Wisconsin. In 2007 Baines filed two EEOC Charges against Defendant for race discrimination and then retaliation. The District Manager for Walgreens Store #3616 when Baines filed the Charges was Michelle Birch. Baines filed another EEOC Charge against Defendant in Georgia in 2009.[5]

On July 29, 2014, a few days after Baines's interview, Baines's less experienced cousin Lisa Martin applied for the same position at the 76th and Center Walgreens. Within a few Ruehs interviewed and hired Martin. She started work on August 30, 2014, and Ruehs was her supervisor.[6]

---

[3] Plaintiff's Proposed Findings of Fact in Opposition to Defendant's Motion for Summary Judgment ("PPFOF") at ¶ 12.
[4] PPFOF at ¶ 15.
[5] PPFOF at ¶¶ 1, 2, 5, 10.
[6] PPFOF at ¶¶ 16-21.

The District Manager who oversaw the 76th and Center Walgreens was Michelle Birch. Both Ruehs and Birch had some responsibilities and authority related to the hiring of employees.[7]

In February 2015, on or before the 18th, Ruehs told Martin that, around the time Martin was hired, Ruehs had wanted to hire a girl who she thought was named "Regina" but that Birch said she could not. Ruehs told Martin that "Regina" had a lot of experience as a Pharmacy Technician and experience working at Walgreens, that Ruehs really liked her, and that she would be a good fit. Ruehs also said that Birch did not tell her why she could not hire "Regina." Ruehs said to Martin regarding the person she thought was named "Regina," "You didn't hear this from me, but I was told from higher up, Ms. Birch, that I could not hire her."[8]

While Defendant argues that Ruehs's saying the name "Regina" without a last name renders the evidence insufficient, Regina Baines fits the description of Ruehs's "Regina":

●Like "Regina," Baines's first name is Regina.

●Like "Regina," Regina Baines had experience working as a Pharmacy Technician for Walgreens. Indeed, Defendant admitted that Baines was the only applicant interviewed for the Pharmacy Technician position from June 2014 to February 18, 2015 that had previous experience working as a Pharmacy Technician for Walgreens.[9]

●Like "Regina," Regina Baines had a lot of experience as a Pharmacy Technician. Indeed, Baines had more experience than any of the other applicants interviewed for the Pharmacy Technician position from June 2014 to February 18, 2015.[10]

---

[7] PPFOF at ¶¶ 13-14.
[8] PPFOF at ¶¶ 39-40.
[9] PPFOF at ¶ 42.
[10] PPFOF at ¶43.

5

●Like "Regina," Regina Baines was interviewed by Ruehs (July 24, 2014) around the time that Martin was hired (July/August 2014). (Defendant asserted that there was no reference to time.)[11]

●There is no "Regina" on Defendant's list of interviewees, not even Regina Baines.[12]

Taking the evidence in the light most favorable to Baines, a reasonable jury could infer that Ruehs was talking about Regina Baines when she told Martin about wanting to hire a person she thought was named "Regina" but whom Birch would not let her hire.

Although Defendant refers to Birch's statement to Ruehs as an "isolated remark," it has the force of an admission—that she, Birch, made the decision to not hire Baines—that goes to the heart of this case.

While Defendant suggests that Baines's evidence is not valid because it is not direct evidence or something Baines heard, Birch's and Ruehs's out-of-court statements about not hiring Baines are admissible as an opposing party's statements because Ruehs and Birch were managers involved in hiring and other managerial decisions when they made the statements. FRE 801(d)(2)(D); Williams v. Pharmacia, Inc., 137 F.3d 944, 950 (7th Cir. 1998).

In addition, a subordinate's (in the instant case, Martin's) account of her supervisor's (in the instant case, Ruehs's) explanation of how a hiring decision was made is admissible against the employer, if the supervisor was involved in the process leading up to the employment action. Simple v. Walgreen Co., 511 F.3d 668, 672 (7th Cir. 2007); Makowski v. SmithAmundsen LLC, 662 F.3d 818, 823-23 (7th Cir. 2011), citing Simple v. Walgreen Co., 511 F.3d at 672.

Because Ruehs's and Birch's statements are admissible as Defendant's statements, Martin's testimony satisfies the hearsay within hearsay rule. FRE 805.

---

[11] PPFOF at ¶¶ 12, 16, 17, 20.
[12] PPFOF at ¶ 33.

Defendant also suggests that Martin's testimony is suspect because Martin is Baines's cousin. The fact of a familial connection between a party and a witness does not disqualify a witness from testifying. Moreover, on summary judgment, the court is not to judge the credibility of witnesses. Defendant may argue to the jury that Martin is not credible, just as Baines may argue that Defendant's employees are not credible.

### C. Taken as a whole, Baines's evidence of Defendant's pretext, false statements to the EEOC, and deviation from its standard interview practice presents a "convincing mosaic" of circumstantial evidence from which a reasonable jury could infer retaliatory intent.

Direct evidence, e.g., an admission, of retaliatory intent is rare. Hobgood, 731 F.3d at 643. A nonmoving party's circumstantial evidence suffices if it presents a "convincing mosaic of circumstantial evidence" that would permit a reasonable jury to infer retaliatory intent. Arroyo v. Volvo Grp. N. Am., LLC, 805 F.3d 278, 284-85 (7th Cir. 2015); Castro v. DeVry Univ., Inc., 786 F.3d 559, 564-65 (7th Cir. 2015) (citation omitted); Hobgood, 731 F.3d at 643 (citations omitted); Enciso v. Talgo, Inc., 2014 U.S. Dist. LEXIS 46124, [4]-[5] (E.D. Wis. Apr. 1, 2014) (citation omitted). The fundamental question is: Could a reasonable trier of fact infer retaliation? Castro v. DeVry Univ., Inc., 786 F.3d at 564.

There are numerous types of circumstantial evidence that a plaintiff may use to convince a trier of fact, including but not limited to:

- suspicious timing;

- the employer's deviation from established practices;

- the employer's false statements to the EEOC; and

- evidence that the employer proffered a pretextual reason for taking the adverse action.

7

Castro, 786 F.3d at 565, 574; Hobgood, 731 F.3d at 643-44, 645 (citations omitted). There are no exclusive categories of evidence or set of prongs of a circumstantial evidence "test" that a plaintiff must present in order to show a "convincing mosaic." Hobgood, 731 F.3d at 644.

While bits and pieces of such circumstantial evidence each standing alone might not meet the required level of proof, together they are sufficient to defeat summary judgment if a reasonable jury could conclude that the plaintiff was the victim of illegal retaliation. Id. That is why it is "critical to consider the plaintiff's evidence as a whole." Id.

    1. The time interval between protected activity and an adverse employment action is not dispositive.

Although Defendant argues that the timing in the instant case is "fatal" to Baines's claim, it is well settled that timing in a retaliation case is not conclusive and is not an element of the claim. Defendant's Memorandum of Law in Support of Its Motion for Summary Judgement ("Def.'s Memo. of Law") at pp. 2, 5-6. Case law cited by Defendant confirms this: "We acknowledge that temporal proximity is only evidence of causation, not a separate element of the prima facie case, and thus there will be cases in which a plaintiff can demonstrate causation despite a substantial time lag. . . ." Lalvani v. Cook County, 269 F.3d 785, 791 (7th Cir. 2001) (citation omitted). See Def.'s Memo. of Law at pp. 1, 5, & 6.

The Seventh Circuit Court of Appeals has not deviated from Lalvani regarding the period between protected activity and an adverse employment action: "We have never said that this factor is dispositive in proving or disproving a causal link." Sitar v. Ind. DOT, 344 F.3d 720, 728 (7th Cir. 2003), referring to Lalvani, 269 F.3d at 791.

In Malin v. Hospira, Inc., 762 F.3d 552, 554 (7th Cir. 2014), the Seventh Circuit explained that a plaintiff could use circumstantial evidence other than timing to support an inference of retaliation:

8

> We reiterate what we have said consistently and repeatedly in retaliation cases stretching back more than a decade: a long time interval between protected activity and adverse employment action may weaken but does not conclusively bar an inference of retaliation. . . . Rather, if the time interval standing alone is long enough to weaken an inference of retaliation, the plaintiff is entitled to rely on other circumstantial evidence to support her claim.

Malin, 762 F.3d at 560 (citations omitted).

In the instant case, Baines relies on circumstantial evidence other than timing to present a "convincing mosaic" from which a reasonable jury could infer retaliation.

> 2. A reasonable jury could infer from Ruehs's contradictory statements that Defendant's proffered reason for its failure to hire Baines is a pretext.

Summary judgment for an employer is not appropriate where a reasonable jury could either accept the employer's stated reason for an adverse action as true or find that it was a pretext for retaliation. Castro, 786 F.3d at 574, citing Hutchens v. Chicago Board of Education, 781 F.3d 366, 373-74 (7th Cir. 2015). "If the only reason an employer offers for firing an employee is a lie, the inference that the real reason was a forbidden one . . . may rationally be drawn." Castro, 786 F.3d at 572 (citations omitted). An employer cannot avoid trial when there is an issue of material fact as to whether its proffered reason for an adverse employment action is a pretext. Zafar Hasan v. Foley & Lardner LLP, 552 F.3d 520, 530 (7th Cir. 2008).

"Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive." Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 147 (2000). Indeed, "it is *permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation." Id. (emphasis in original). "Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.'" Id. (citations omitted).

In the instant case, in February 2015 Ruehs told Martin that Birch said she could not hire Baines. Ruehs now says that she made the decision, based on Pramod Allani's recommendation. Since, based on Martin's testimony, a reasonable jury could conclude that Birch made the decision, it could also find that Ruehs's current explanation for Baines's not being hired is a pretext and infer that the real reason was unlawful retaliation. Reeves v. Sanderson Plumbing Prods., 530 U.S. at 147.

Because Baines's evidence raises a question of fact as to the believability of Defendant's proffered reason for not hiring her, even if the evidence she has presented does not compel the conclusion that Defendant retaliated against her when it did not hire her, "at a bare minimum it suffices to defeat [the employer's] summary judgment motion." Greengrass v. Int'l Monetary Sys., Ltd., 776 F.3d 481, 487 (7th Cir. 2015) (citations omitted).

3. <u>A reasonable jury could determine that Ruehs lied to the EEOC.</u>

If a reasonable trier of fact finds that an employer's statement to the EEOC was deliberately false, it may infer that the employer was lying to cover up a retaliatory motive. Castro, 786 F.3d 574.

On September 3, 2014 Baines filed an EEOC Charge of Discrimination against Defendant for failing to hire her in retaliation for her previous EEOC Charges. In November 2014, 3 ½ months after Ruehs interviewed Baines, Ruehs told an EEOC investigator that she did not know who Baines was, did not interview her, and did not leave her a message telling her that she did not get the job. However, after Baines produced the actual voicemail message, Ruehs admitted that she interviewed Baines and that she left the message. [13]

In addition, in February 2015, when Ruehs told Martin about a "Regina" she interviewed and wanted to hire but whom Birch would not let her hire, Ruehs said to Martin, "You didn't

---

[13] PPFOF at ¶¶ 34-37, 45, 46.

hear this from me. . .," suggesting that Ruehs knew she was saying something that no one was supposed to know.[14]

One could reasonably infer that, if Ruehs had made the decision to not hire Baines because Allani recommended against it, Ruehs would have told the EEOC. In light of Ruehs's statements to the EEOC and to Martin, a reasonable jury could determine that Ruehs lied to the EEOC to cover up for Birch.

Again, Ruehs's contradictory statements are also suggestive of pretext and thus evidence of retaliation. Simple v. Walgreen Co., 511 F.3d 668, 671 (7th Cir. 2007); Hobgood, 731 F.3d at 645.

4. <u>The scores and notes from Baines's interview are missing, from which a reasonable jury could infer that Defendant deviated from its regular interview practice and destroyed evidence.</u>

A significant or unexplained deviation from an established practice can be probative circumstantial evidence of unlawful intent. Hobgood, 731 F.3d at 645.

Ruehs's regular interview practice was comprised of the following steps: She conducted each interview with either Store Manager Deborah Schuyler or Assistant Manager Ian Richlin, asked the interviewee a set of standard questions, and took notes on the interviewee's answers during the interview. After the interview, either the other manager or she and the other manager entered the interviewee's scores on the questions into a computer program called People Plus Hiring. Ruehs kept her notes until the scores were entered. Once the scores were entered, Ruehs threw away her notes.[15]

---

[14] PPFOF at ¶ 40.
[15] PPFOF at ¶¶ 22-30.

Ruehs had notes related to Baines's application and interview; they were thrown away after the interview. However, there are no scores Baines's interview.[16] This is suspicious, as there should exist one or the other.

In discovery Baines requested of Defendant all documents related to Baines's July 2014 application for a job with Defendant, including her interview scores and notes relating to her interview. Defendant produced a list of applicants for the Pharmacy Technician position who were interviewed and their interview scores; however, Baines and her interview score are not listed.[17]

A reasonable jury could find that, in failing to produce either Baines's interview scores or notes from her interview, Defendant deviated from its regular interview practice, and infer unlawful intent: From the fact that there are no notes, a reasonable jury could infer that Ruehs threw them away after Baines's scores were entered into the computer and that Defendant deleted the interview scores in order to eliminate evidence of Baines's interview and its retaliation against Baines.

5. <u>A reasonable jury could determine that Birch is not credible and infer from Baines's evidence that in 2014 Birch remembered Baines's 2007 EEOC Charges and harbored retaliatory animus towards Baines because of them.</u>

Since summary judgment is not a tool for determining credibility, the court should permit a jury to determine whether or not Birch is credible when she denies remembering in 2014 Baines's 2007 EEOC Charges and when she denies making the decision to not hire Baines. <u>Castro</u>, 786 F.3d at 571.

---

[16] PPFOF at ¶¶ at 31-33.
[17] PPFOF at ¶¶ 32-33.

Baines only has to present evidence that would support a <u>reasonable inference</u> that Birch remembered a Baines EEOC Charge when she made the decision to not hire Baines. <u>Luckie v. Ameritech Corp.</u>, 389 F.3d 708, 715 (7th Cir. 2004).

In 2007 Birch knew about Baines's July 2007 EEOC Charge and participated in a meeting with Baines in which management expressed hostility towards Baines for having filed the Charge: Not long after Baines filed her July 2007 Charge, she had a meeting with District Manager Birch and managers/supervisors Tabarius Smith, Emily Samolinski, and Mark Hodny to discuss the Charge. During the meeting Smith made several statements to Baines that a reasonable jury could infer were threatening and hostile: Smith said that this was bigger than she was, asked her why she had filed the Charge, said she had messed up, and asked her whether she understood what she had done.[18]

While Defendant argues that there was no retaliatory animus because the managers were nice to Baines in the meeting and said they were there to help her, it is not surprising that an employer would put on a "nice" face in such a meeting with an employee. Birch even asked Baines what she wanted. Baines replied that she wanted a promotion to Senior Pharmacy Technician and a transfer to another Walgreens store in the district. She received neither.[19] A reasonable jury could infer animus on Birch's part—that Birch did not intend to remedy Baines's concerns but simply wanted to placate her and make her think they were going to do something about her concerns so she would drop her Charge.

Though Defendant relies on Baines's testimony to argue that Birch was nice to her in the meeting, Baines did not single out Birch but said "they" were nice. In the same way, based on the hostility that Smith directed at Baines, a reasonable jury could infer that Smith was speaking

---

[18] PPFOF at ¶¶ 6-7.
[19] PPFOF at ¶ 8.

13

for Birch and the other managers present and that Birch and the others harbored hostility towards Baines because of her EEOC Charge.

In October 2007 Baines filed a second EEOC Charge of Discrimination against Defendant alleging retaliation.[20]  Given the hostility expressed towards Baines over her July 2007 Charge, a reasonable jury could infer that the October 2007 Charge intensified the hostility

A reasonable jury could infer that Birch's knowledge of the Charges was not fleeting: Birch was Smith's supervisor.  They discussed how they wanted to handle the meeting with Baines and talked about the meeting after it was over.[21]  A reasonable jury could infer that they continued to monitor and discuss the situation.

While Defendant argues that Baines admitted she had no evidence that in 2014 Birch remembered her prior EEOC Charges, Defendant misrepresents the evidence.  Def. Memo. of Law at p. 9.  The excerpt from Baines' deposition includes defense counsel's acknowledgement that Baines does have evidence:  "So <u>other than this one meeting that you had with Michelle Birch in – sometime in 2007</u>, you have no other evidence that Michelle Birch had any knowledge or recollection of your prior EEOC charges when she allegedly retaliated against you in July, 2014?"  Furthermore, plaintiff's counsel objected.  Then Baines answered, "Correct."  <u>Id.</u> (Emphasis added.)

Defendant omitted Baines's additional testimony regarding the question of Birch's memory:  "She [Birch] was aware of my charges.  She even had a meeting with me and spoke with me regarding my charges when I first filed back in July of '07."  Baines Dep. at p. 48, lines 11-14.  Baines also related her evidence that Birch made the decision to not hire her:

---

[20] PPFOF at ¶ 10.
[21] PPFOF at ¶ 9.

14

> Q. What evidence do you have that Hannah Ruehs talked to anyone other than Pramod Allani about the decision not to hire you?
>
> A. I have evidence of Lisa Martin stating that her and Lisa Martin had a conversation regarding needing technician help at that store. Lisa basically explained to me that Hannah informed her that she wanted to hire a technician, she interviewed this technician by the name of Regina previously, before she hired Lisa, and that she wanted to hire Regina, but she was instructed by the store manager's boss not to hire Regina.
>
> Q. And how do you know that the store manager's boss was Michelle Birch?
>
> A. Because I asked Lisa. I asked her who was your store manager's boss. And Lisa said Michelle Birch.

Baines Dep. at p. 97, lines 5-22; see, also p. 43, line 15 – p. 45, line 23.

Baines's testimony presented some of the circumstantial evidence from which a reasonable jury could infer that in 2014 Birch remembered Baines's previous EEOC Charges. The fact that a lay person might not understand what constitutes circumstantial evidence or what out-of-court statements are admissible at trial is understandable. Furthermore, it does not matter. The evidence is the evidence whether Baines knows it or not. If she has the facts and reasonable inferences to support her claim, it does not matter if she did not understand the proper legal terminology and rules of evidence that applied. Haskell v. Cook County Hous. Auth., 2013 U.S. Dist. LEXIS 66538, at [14]-[16] (N.D. Ill. May 9, 2013) (Court did not fault plaintiff, a lay witness, for negative answer to question asking for "proof" of retaliation when it was clear from rest of her testimony that out-of-court statement by defendant's agent that she referred to was admissible evidence; court credited evidence and denied summary judgment).

Taking Baines's evidence as true and drawing all inferences in her favor, the court should conclude that a reasonable jury could find that Birch knew about Baines's 2007 Charges, that Birch is not credible when she says that in 2014 she did not remember the Charges, that in 2014 Birch remembered the Charges and harbored retaliatory animus towards Baines because of them.

Moreover, Martin's testimony is evidence from which a reasonable jury could conclude that Birch made the decision to not hire Baines. Therefore, because Defendant does not give a reason for Birch's decision and instead denies that she made the decision, a reasonable jury could find Defendant's reason for the decision (i.e., that Ruehs made it based on Allani's recommendation) a pretext. From that the jury may reasonably infer that the real reason was unlawful retaliation, i.e., that Birch made the decision with retaliatory intent.

Contrary to Defendant's assertion, Baines is not using the cat's paw theory. Birch made the decision. She did not influence someone else who made the decision. Moreover, even with a cat's paw theory, Baines's evidence and reasonable inferences therefrom would produce the same result: Based on Ruehs's statement that Birch made the decision and on Baines's convincing mosaic of circumstantial evidence, a reasonable jury could find that Birch was the cause of Baines's not getting hired and that Birch harbored retaliatory animus against Baines.

## Conclusion

There are genuine issues of material fact regarding who made the decision to not hire Regina Baines and Defendant's true motivation for the decision. Furthermore, considering Baines's evidence as a whole, a reasonable jury could find that Regina Baines was the victim of unlawful retaliation.

From Lisa Martin's testimony, the jury could conclude that District Manager Michelle Birch made the decision to not hire Baines. From Baines's circumstantial evidence—Ruehs's

false statements to the EEOC, Ruehs's contradictory statements regarding who made the decision, the missing interview scores and notes, and management's hostility towards Baines for her 2007 EEOC Charges—the jury could infer that Defendant's proffered reason for failing to hire Baines was a pretext and that the real reason was retaliation for filing EEOC Charges against Defendant.

Therefore, the court should deny Defendant's Motion for Summary Judgment.

Dated this 15th day of June, 2016.

**AMY F. SCARR, S.C.**


By: s/Amy F. Scarr_____
**Amy F. Scarr**, State Bar No. 1016179
Attorney for Plaintiff
Amy F. Scarr, S.C.
23 N. Pinckney St., Suite 310
Madison, Wisconsin 53703
Telephone: (608) 255-6610
Fax: (608) 255-6710
Email: attorneyamyscarr@gmail.com