UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**REGINA GWYNN BAINES,**

   Plaintiff,

  v.                                          Case No. 15-CV-258

**WALGREEN CO.,**

   Defendant.

ORDER ON DEFENDANT'S MOTION
FOR A PROTECTIVE ORDER

      Before me is Walgreen Co.'s ("Walgreens") motion for a protective order precluding the plaintiff from taking the depositions of Walgreens employees Emily Samolinski and Mark Hodney. Regina Gwynn Baines sues Walgreens alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. In 2007, Samolinski was the store manager and Hodney was the loss prevention supervisor. Both Samolinski and Hodney were present during a meeting that occurred in 2007 in which Baines' July 27, 2007 charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") was discussed. Also present at the meeting were Baines, District Manager Michelle Birch, and Pharmacy Supervisor Tabarius Smith.

      Baines argues that Birch made the decision to not hire her in 2014 in retaliation for her filing EEOC charges. Walgreens argues that neither Samolinski nor Hodney had anything to do with the decision to not hire Baines in 2014 and thus do not have any relevant information. Baines argues that because Samolinski and Hodney were at the 2007

meeting with Birch, they may have relevant information about Birch's attitude towards Baines.

I held a hearing on Walgreens' motion on July 28, 2016. At this hearing, I found that the relevant time period is 2014—when the hiring decision was made—and Samolinski and Hodney may have relevant information if they spoke to Birch after the 2007 meeting regarding Baines' EEOC charges. Thus, I allowed Walgreens to submit declarations from Samolinski and Hodney addressing whether they spoke to Birch subsequent to the 2007 meeting regarding Baines and/or the EEOC charges. (Docket # 55.)

Walgreens has now submitted the declarations. In her declaration, Emily Samolinski avers that she does not recall participating in a meeting in 2007, or at any other time, with Baines, Birch, Smith, and Hodney, to discuss any EEOC charges filed by Baines in 2007. (Declaration of Emily Samolinski ¶ 3, Docket # 57.) Samolinski further states that at no time after 2007 did she have any communication with Birch regarding Baines' 2007 EEOC charges against Walgreens or any other complaints ever made by Baines regarding any issues with her employment with Walgreens. (*Id.* ¶ 4.)

Similarly, Mark Hodney avers that he does not recall participating in a meeting in 2007, or at any other time, with Baines, Birch, Smith, and Samolinski, to discuss any EEOC charges filed by Baines in 2007. (Declaration of Mark Hodney ¶ 3, Docket # 56.) Hodney further states that at no time after 2007 did he have any communication with Birch regarding Baines' 2007 EEOC charges against Walgreens or any other complaints ever made by Baines regarding any issues with her employment with Walgreens. (*Id.* ¶ 4.)

Given Samolinski and Hodney's sworn statements that they do not remember participating in the 2007 meeting with Birch and did not speak to Birch subsequent to the

2007 meeting about Baines' complaints or her EEOC charge, I find that Samolinski and Hodney do not have any relevant evidence and thus will grant Walgreens' motion for a protective order.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion for a protective order (Docket # 39) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 3rd day of August, 2016.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge