# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**REGINA GWYNN BAINES,**

    Plaintiff,

  v.                                                                          Case No. 15-CV-258

**WALGREEN CO.,**

    Defendant.

## ORDER ON MOTIONS *IN LIMINE*

Jury trial in this case is scheduled for January 16, 2018. Before me are five outstanding motions *in limine* which were not resolved at the final pretrial hearing. Baines has also moved for reconsideration of my ruling denying her motion *in limine* No. 5. I will address each of these motions in turn.

*Evidence of Baines' Work Performance and Disciplinary Actions (Baines' Motion No. 2)*

Baines filed a motion *in limine* seeking an order excluding evidence of her work performance and disciplinary action taken against her during her employment with Walgreens from 2005 to 2008, including Exhibit 102 and testimony regarding Pramod Allani's sending Baines home from work or otherwise disciplining her. (Docket # 96.)

Walgreens agrees, as a general matter, that Baines' past work performance and discipline are not relevant and evidence regarding those subjects should not be admitted at trial. (Docket # 112.) However, Walgreens argues that evidence relating to the basis for Allani's statement to Hannah Ruehs that he would not hire Baines is relevant. Specifically, Walgreens argues that a conversation occurred between Allani and Ruehs in which Ruehs

asked Allani whether he would rehire Baines and Allani stated that he would not. Baines contends that this conversation did not occur; however, assuming the conversation did occur, both parties agree that Allani's motivation for not recommending Baines for rehire was not tainted by retaliation. (Docket # 96 at 2, Docket # 112 at 1.) Walgreens argues that because Baines contends this conversation never occurred, this places Allani's and Ruehs' credibility at issue and Walgreens has the right to introduce evidence supporting the basis for Allani's opinion to bolster their believability that the conversation occurred.

The parties agree that Allani's motive is not at issue. Rather, they dispute whether the conversation occurred at all. Walgreens concedes that Baines' past work performance and discipline are not relevant in this case. Additionally, Walgreens does not contend that Allani explained to Ruehs his rationale for not recommending Baines for rehire. To allow Allani to testify that he had a negative impression of working with Baines as it related to her being a team player and servicing customers (Docket # 112 at 1-2), or that he sent her home, allows Walgreens to back door in evidence of Baines' past work performance and discipline. Walgreens does not explain how this evidence would tend to show that the contested conversation occurred. For these reasons, Baines' motion *in limine* No. 2 is granted.

*Series of Emails from June 2008 Between Baines and Smith Regarding Baines' Transfer Request (Baines' Motion No. 3)*

Baines moves to exclude Exhibit 103 from being introduced at trial. (Docket # 97.) Exhibit 103 is a series of emails from June 2008 between Baines and Pharmacy Supervisor Smith regarding Baines' request to transfer to a Walgreens closer to her home. Baines argues that these emails are irrelevant. Walgreens argues that the motion is premature because

Baines is calling Smith to testify adversely at trial and depending on Baines' questions to Smith, the emails may become relevant to show that Smith tried to facilitate her transfer request, cutting against any suggestion that Smith harbored retaliatory motive. (Docket # 113.)

I will reserve ruling on Baines' motion *in limine* No. 3 until trial. As I understand the posture of this case, the dispute is whether Birch and/or Ruehs retaliated against Baines. Thus, if Baines suggests that Smith retaliated against her, then Walgreens will be permitted to counter with evidence showing that he did not harbor a retaliatory motive towards her. If, however, Baines does not introduce evidence suggesting that Smith was retaliating against her, then Exhibit 103 is not relevant and will not be admitted.

*Series of Emails from June to October 2008 Regarding Baines' Transfer Request and Walgreens' Transfer Policy (Baines' Motion No. 4)*

Baines moves to exclude Exhibit 104 and related testimony and Exhibit 120 from being introduced at trial. (Docket # 98.) Exhibit 104 consists of two parts. One part is an email exchange from June to October 2008 between Supervisor McLarty and Baines regarding Baines' request to transfer to a Walgreens in Georgia. The other part is an October 2, 2008 email exchange between Baines and Smith in which Baines says, among other things, that she saw an email that said all transfers go through Birch, and asks if this applies to her transfer; Smith does not address her question but says that "[w]e know about the transfer and everything is ok." Exhibit 120 is Walgreens' transfer policy. Baines argues this evidence is irrelevant.

Walgreens argues that Baines has accused former District Manager Michelle Birch of retaliating against her for her 2007 and 2009 EEOC charges by commanding that Pharmacy

Manager Hannah Ruehs not hire Baines for a pharmacy technician position in Ruehs's pharmacy in July 2014. (Docket # 121.) Baines sought a transfer to a Walgreens store in Georgia after filing her 2007 charge. Walgreens argues that Exhibit 104 cuts against Baines' claim that Birch harbored any retaliatory motive against her because if she had wanted to retaliate, she could have held up approval of Baines' transfer to Georgia.

Baines argues that Walgreens cannot establish Birch's intentions through these emails because Birch denied having anything to do with the transfer. In Exhibit 104, Baines emailed Smith stating that she saw an email stating that all transfer had to go through Birch and asking if that applied to her transfer. (Docket # 121-2 at 15.) Smith responded that "[w]e know about the transfer and everything is okay." (*Id.*) At his deposition, Smith testified that Birch "may have had the final 'final' say on [transfers]" and that Birch, as the district manager, would have been involved in an out of state transfer. (Docket # 121-3 at 3.) When asked what he meant by "[w]e know about the transfer and everything is okay," Smith testified that "there wasn't anything holding it up. So if the conversation needed to go from Raymond Lee or from me or Jennifer or Ms. Birch, all of those conversations, from me saying everything is okay, meaning that it is okay, that everything is approved for the transfer." (*Id.* at 4.)

Again, the dispute in this case is whether Birch retaliated against Baines. Thus, Walgreens may offer evidence that Birch was not acting in a retaliatory fashion, which may include any favorable decisions she took towards Baines, such as approving a transfer. Relevant to the transfer to Georgia, Birch testified that transfers "rarely cross[ed] [her] path" and that there was no rule that she was to be kept informed about out of state transfers. (Docket # 121-4 at 3.) However, after reviewing Walgreens' transfer policy, Birch testified

that she should be involved with transfer requests. (*Id.*) Birch also testified that either she or Smith had the authority to transfer Baines and that Smith may have been the one who approved Baines' transfer. (*Id.*) Birch could not recall that Baines wanted to transfer to a store in Georgia. (*Id.*)

The question, then, is whether Exhibit 104, Exhibit 120, and the related testimony is circumstantial evidence that Birch approved Baines' transfer. I find that Exhibit 104 and Exhibit 120 are relevant to counter Baines' argument that Birch retaliated against her. Baines, Smith, and Birch may all be questioned and cross-examined about Birch's role in Baines' transfer. The jury can decide what weight, if any, to give to the witnesses' testimony and ultimately to Walgreens' argument that Birch's role in the transfer rebuts Baines' allegations that Birch retaliated against her. Baines' motion *in limine* No. 4 is denied.

*April 20, 2015 Letter (Reconsideration of Baines' Motion No. 5)*

Baines moved to exclude Exhibit 105, which is a letter dated April 20, 2015 from Walgreens stating that Baines is eligible for rehire. I denied the motion at the final pretrial conference, but found that the letter should be redacted to exclude the text preceding the rehire sentence. I also found that Baines could elicit testimony that she requested the letter and that the federal complaint was filed on March 6, 2015 and was served on April 2, 2015.

Baines now moves for reconsideration of my ruling on Motion No. 5. Baines argues that Walgreens seeks to admit the document to show that Birch had the authority to order Baines be coded as not eligible for rehire but did not do so, cutting against Baines' assertions that Birch harbored retaliatory animus. Baines argues that at her deposition, Birch testified that she did not code Baines eligible for rehire because it was not her responsibility and that

5

she did not think she had the authority to code anyone below a pharmacist as ineligible for rehire. (Docket # 125.)

Baines further argues that if the motion is denied, she should be permitted to introduce an April 20, 2015 email from Jarosch (of Walgreens) to Baines apologizing to her for the delay in sending the letter regarding her eligibility for rehire.

To be clear, I did not rule that Birch could testify about the letter. She was neither the author nor the recipient of the letter. Rather, I found that Baines, who requested the letter, could be questioned about it. Should Walgreens choose to question Baines about the letter, Baines is free to counter that Birch was not responsible for the letter and had no authority to code Baines as eligible for rehire. Thus, Baines' motion for reconsideration is denied.

Baines also requested that she be permitted to use an April 20, 2015 email from Jarosch to Baines apologizing to her for the delay in sending the letter. Walgreens had not yet had an opportunity to respond to this request; as such, I will reserve ruling on the request.

*Draft Affidavits of Lisa Martin and Related Emails (Baines' Motion No. 6)*

Baines moves to exclude Exhibit 114, which are draft affidavits from non-party witness Lisa Martin and related email communications. (Docket # 100.) Baines argues that Exhibit 114 is protected attorney work product. Walgreens argues that none of the documents in Exhibit 114 are protected by the work product doctrine and even if they were, Baines waived any work product claim by virtue of her attorney producing the documents. (Docket # 116.)

The threshold issue is the relevance of the draft affidavits. Martin did not sign any of the previous drafts of her affidavit; thus, she did not endorse those statements. While it is

6

fair to question Baines about the drafting of the signed affidavit, the number of drafts, and whether the signed affidavit was the product of undue influence or bias, the unsigned drafts are extrinsic to the issues in this case. For this reason, Baines' motion is granted and Walgreens will not be permitted to introduce Martin's draft affidavits and related emails.

*Walgreens' October 31, 2014 EEOC Position Statement (Walgreens' Motion No. 1)*

Walgreens moves to exclude the October 31, 2014 position statement Walgreens filed with the EEOC in response to Baines' 2014 charge that preceded this lawsuit. (Docket # 90.) Walgreens' October 31, 2014 position statement is admissible as an admission by a party opponent and it may be entered into evidence by Walgreens' corporate representative. Pursuant to Fed. R. Civ. P. 36(a)(1)(B), the document has been authenticated through Walgreens' response to Baines' request for admission. (Docket # 37-7.) Thus, Walgreens' motion *in limine* as to the position statement is denied.

*Discussion of Punitive Damages During Opening Arguments*

Baines asked whether she would be permitted to talk about punitive damages during her opening argument. Baines is not prohibited by law from talking about punitive damages during her opening statement.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that I will reserve ruling on Baines' Motion *in limine* No. 3 (Docket # 97.)

**IT IS FURTHER ORDERED** that Baines' Motion *in limine* No. 2 (Docket # 96) and Motion *in limine* No. 6 (as to the draft affidavits and related emails) (Docket # 100) are **GRANTED** and Baines' motion *in limine* No. 4 (Docket # 98) is **DENIED**.

**IT IS FURTHER ORDERED** that Baines' motion for reconsideration of Motion *in limine* No. 5 (Docket # 125) is **DENIED**. I will reserve ruling on Baines' request to introduce the April 20, 2015 email.

**FINALLY, IT IS ORDERED** that Walgreens' motion *in limine* as to its October 31, 2014 position statement is **DENIED**.

Dated at Milwaukee, Wisconsin this 10th day of January, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge